**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ALEXAM, INC. | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | No. 2:10cv93 |
| | § | |
| BEST BUY CO., ET AL. | § | |
|     Defendants | § | |

## SUA SPONTE ORDER OF SEVERANCE

The above-entitled and numbered cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The Court sua sponte severs this matter into seven separate causes of action.

## BACKGROUND

This case involves claims of patent infringement brought by the plaintiff, Alexsam, Inc. ("Alexsam"), against thirteen defendants, grouped into seven issuers of electronic gift cards: (1) Barnes & Noble, Inc. and Barnes & Noble Marketing Services Corp.; (2) The Gap, Inc. and Direct Consumer Services, LLC; (3) J.C. Penney Company, Inc. and J. C. Penney Corporation; (4) McDonald's Corporation and P2W, Inc. NFP; (5) Toys "R" Us — Delaware, Inc. and TRU-SVC, LLC; (6) The Home Depot, U.S.A., Inc. and Home Depot Incentives, Inc.; and (7) Best Buy Stores LP ("Best Buy")(collectively "Defendants"). This is the sixth lawsuit that Alexsam has pursued in the Eastern District of Texas alleging infringement of the patents-in-suit, U.S. Patent Nos. 6,000,608 ("the '608 patent") and 6,189,787 ("the '787 patent"), which relate to stored value/debit cards. The final pretrial conference is currently scheduled March 4, 2013, with a single trial to begin no more than four weeks later. Given the unique issues that exist within the defendant/defendant groups and the complexities involved in attempting to try this case in one trial in less than two months, the Court

must sever the seven groups of defendants into their own separate cause of action.

## APPLICABLE LAW

Federal Rule of Civil Procedure 21 permits a court to "sever any claim against a party," a decision which is committed to the district court's broad discretion. FED. R. CIV. P. 21; *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000)(noting that a district court is vested with "broad discretion…to make a decision granting severance"); *see also Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)(noting it is within the district court's discretion to sever a claim so long as that claim is "discrete and separate"). "It is the interest of efficient judicial administration that is to be controlling under the rule, rather than the wishes of the parties." Wright & Miller, 7 Fed. Prac. Proc. Civ. § 2388 (3d ed. 2012). Moreover, a court may not "attempt to separate an essentially unitary problem." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974).

## DISCUSSION

Defendant Best Buy recently filed an opposed request for a scheduling conference to address the complexities related to the currently scheduled trial (Docket Entry # 332). Therein, Best Buy asked the Court to schedule a conference to discuss the complexities that might arise from a single trial, acknowledging there are issues unique to each defendant/defendant group. After the Court scheduled a status conference with the parties to discuss these complexities, of which the Court was already fully aware, the parties requested the Court remove the conference from the Court's calendar.

As raised by Alexsam in response to Best Buy's request for a conference, the Court recognizes there are overlapping issues among the defendants in this case. However, as the case has proceeded the last two years it has become obvious this matter is best handled with the defendants severed into individual cases. The determination of whether each of the gift card programs of seven

independent defendants/defendant groups infringe the patents-at-issue will likely present many issues unique to each defendant/defendant group. Trying to present these issues to a single jury for each of the seven defendant/defendant groups will likely create confusion and needless complexity.

Recently, the parties have filed approximately 19 letter briefs requesting permission to file motions for summary judgment and *Daubert* motions. These letter briefs reinforce the Court's view that Alexsam's claims against the seven defendant groups are discrete and separate and more properly handled in seven separate causes of action rather than together. Alexsam has filed nine letter briefs, two of which address only Best Buy (Docket Entry #s355, 360).[1] Best Buy has filed two letter briefs, one requesting permission to file a motion to exclude certain opinions of Alexsam's expert witnesses and one requesting permission to file a motion for summary judgment of non-infringement of the '608 and '787 patents and laches due to Alexsam's ten-year delay in filing suit. (Docket Entry #s 365, 366).

The remaining six sets of defendants have collectively filed four letter briefs, requesting permission to move for summary judgment that none of the accused products infringe the '608 and '787 patents and to move to exclude the opinions of Alexsam's expert witnesses Alex Cheng and Robert Baker in part. (Docket Entry #s 352-1, 352-2, 352-3, 352-4). According to these defendants, if the Court grants leave to file the proposed motions, the defendants "will work with Best Buy to

---

[1] In one of the letter briefs, Alexsam seeks permission to file a motion for summary judgment against Best Buy's res judicata defense and counterclaim. In May 2012, Best Buy was allowed to file a motion for partial summary judgment of res judicata (Docket Entry #207), wherein Best Buy asserted Alexsam's claims against its stored value cards offered for sale from March 29, 2004 through April 1, 2008 should be dismissed as being barred by the doctrine of res judicata. Although the Court denied the motion, the motion illustrates the kind of unique issues that exist within the defendant/defendant groups. This is further illustrated by Alexsam's current request for leave to file its own motion for summary judgment as to Best Buy's res judicata defense and counterclaim.

consolidate the briefing submitted to the Court to the extent that Defendants' and Best Buy's positions" on the issues overlap, acknowledging there will be issues that do not overlap. Importantly, the Home Depot defendants, the Toys "R" Us defendants, and the McDonalds defendants have each filed one letter brief, requesting permission to move for summary judgment, in whole or in part, that certain of their accused gift cards do not infringe the '608 and '787 patents because those cards do not include a bank identification number or "BIN." (Docket Entry #s 354, 356, 358). This determination will necessarily involve consideration of evidence specific to each individual defendant group and their accused gift cards. The Court's review of the letter briefs confirms there are many separate and discrete issues unique to each defendant/defendant group.

As currently scheduled, one massive trial against Defendants will be unmanageable. Judicial economy is best served by severing each defendant/defendant group into a separate cause of action. To ensure fundamental fairness and to ease the logistical challenge of trying together all of Plaintiff's claims against seven sets of defendants, the Court exercises its considerable discretion in ordering severance of this cause of action into seven causes of action.

## **CONCLUSION**

For the above reasons, the Court **ORDERS** that Plaintiff's claims pertaining to the following Defendants or Defendant groups be severed into separate causes of action:

1. Best Buy Stores, L.P. (Cause No. 2:13cv2);

2. Barnes & Noble, Inc. and Barnes & Noble Marketing Services Corp. (Cause No. 2:13cv3);

3. The Gap, Inc. and Direct Consumer Services, LLC (Cause No. 2:13cv4);

4. J.C. Penney Company, Inc. and J. C. Penney Corporation (Cause No. 2:13cv5);

5. McDonald's Corporation and P2W, Inc. NFP (Cause No. 2:13cv6);

6. Toys "R" Us — Delaware, Inc. and TRU-SVC, LLC (Cause No. 2:13cv7); and

7. The Home Depot, U.S.A., Inc. and Home Depot Incentives, Inc. (Cause No. 2:13cv8).

It is further

**ORDERED** that the filing fee is waived for the severed cases.  The Clerk of the Court shall docket in each severed case this order as well as Alexsam's most recent complaint; the April 9, 2012 Memorandum Opinion and Order regarding claim construction (Docket Entry #180); and the November 14, 2012 Memorandum Opinion and Order regarding claim construction (Docket Entry #331).  The defendants may later file their amended answers in the newly-created causes of action.  It is further

**ORDERED** that the parties are granted permission to file their motions for summary judgment and *Daubert* motions as requested in their letter briefs.  The parties shall file their respective motions in the newly-created causes of action, as appropriate.  Finally, it is

**ORDERED** that Cause No. 2:10cv93 is administratively closed.

**SIGNED this 3rd day of January, 2013.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE