# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| ALEXSAM, INC. | ) | |
|     Plaintiff, | ) | Civil Action No. 2:13-cv-2 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| BEST BUY STORES, L.P. | ) | The Honorable Caroline S. Craven |
|     Defendant. | ) | |
| ALEXSAM, INC. | ) | |
|     Plaintiff, | ) | Civil Action No. 2:13-cv-3 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| BARNES & NOBLE, INC., AND BARNES | ) | The Honorable Caroline S. Craven |
| & NOBLE MARKETING SERVICES | ) | |
| CORP. | ) | |
| | ) | |
|     Defendants. | ) | |
| ALEXSAM, INC. | ) | |
|     Plaintiff, | ) | Civil Action No. 2:13-cv-4 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| THE GAP, INC., AND DIRECT | ) | The Honorable Caroline S. Craven |
| CONSUMER SERVICES, LLC | ) | |
|     Defendants. | ) | |
| ALEXSAM, INC. | ) | |
|     Plaintiff, | ) | Civil Action No. 2:13-cv-5 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| J. C. PENNEY CO., INC., AND | ) | The Honorable Caroline S. Craven |
| J. C. PENNEY CORP. | ) | |
|     Defendants. | ) | |

| ALEXSAM, INC. | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:13-cv-6 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| MCDONALD'S CORP., AND | ) | The Honorable Caroline S. Craven |
| P2W, INC., NFP | ) | |
| Defendants. | ) | |

| ALEXSAM, INC. | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:13-cv-7 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| TOYS "R" US — DELAWARE, INC., AND | ) | The Honorable Caroline S. Craven |
| TRU-SVC, LLC | ) | |
| Defendants. | ) | |

| ALEXSAM, INC. | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:13-cv-8 |
| | ) | |
| v. | ) | The Honorable Michael S. Schneider |
| | ) | |
| THE HOME DEPOT, U.S.A., INC., AND | ) | The Honorable Caroline S. Craven |
| HOME DEPOT INCENTIVES, INC. | ) | |
| Defendants. | ) | |

**BEST BUY'S, MCDONALD'S, AND HOME DEPOT'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S RULING ADMITTING
THE PRIOR EXPERT TESTIMONY OF MS. LORI BREITZKE**

Defendants Best Buy Stores, L.P., McDonald's Corporation, P2W, Inc. NFP, Home Depot, U.S.A., Inc., and Home Depot Incentives, Inc. (collectively, "Moving Defendants") respectfully object to the Magistrate Judge's ruling admitting the prior expert testimony of Ms. Lori Breitzke into evidence, and submit this brief detailing additional reasons for the Court to exclude such testimony.  The expert testimony constitutes expert opinions and hearsay that have not been disclosed under the Court's scheduling order, and which now come as an unfair surprise. Using those undisclosed expert opinions in this case against the Moving Defendants will deny them Due Process.

During the Final Pretrial Conference, Alexsam requested that the Court admit undisclosed opinions from the expert testimony of Ms. Lori Breitzke, who was an expert retained by Pier 1 in the *Pier 1* case, on the basis that Ms. Breitzke previously offered opinions on behalf of third-party SVS – which is the card processor for some of the defendants here.  For the reasons explained in Defendants' Objections to the Magistrate Judge's Ruling Admitting the Prior Testimony of Ms. Lori Breitzke,[1] the Court should exclude Ms. Breitzke's expert testimony from trial.  In addition, the Court should exclude the expert testimony of Ms. Breitzke because it would be fundamentally unfair and highly prejudicial to impute Ms. Breitzke's prior expert testimony to Moving Defendants, who have never hired Ms. Breitzke, were not defendants in the *Pier* 1 case, and are not SVS customers.  Indeed, the admission of Ms. Breitzke's expert testimony against Moving Defendants would give rise to grounds for finding reversible error on appeal due to the lack of Due Process afforded by the consolidation of Moving Defendants with other defendants who are SVS customers.

---

[1] Dkt. No. 171.

More specifically, SVS is a third party that provides card processing services for a subset of the defendants in this case.  SVS also provided card processing services for defendant Pier 1 in the *Pier 1* case.  Alexsam argues that SVS was the real party in interest in the *Pier 1* case, and is also the real party in interest in this case.  Therefore, according to Alexsam, when Ms. Breitzke testified for Pier 1 in the *Pier 1* case, that expert testimony was actually offered on behalf of SVS in the *Pier 1* case, and thereby can be imputed to all of the defendants in this case, apparently because SVS is a card processor for some of the defendants here.  Even if this tortuous theory applied to the Defendants using SVS as a card processor, Alexsam ignores the crucial fact that SVS is not a card processor for Moving Defendants, and the Moving Defendants had no opportunity to develop their own testimony through either direct or cross examination of Ms. Breitzke, thereby rendering the proposed expert testimony inadmissible hearsay.[2]  There is thus absolutely no basis for imputing Ms. Breitzke's expert testimony to Moving Defendants, even assuming that Ms. Breitzke's expert testimony can be imputed to the defendants that use SVS as a card processor.

Furthermore, admitting Ms. Breitzke's expert testimony against Moving Defendants would be extremely prejudicial.  Moving Defendants were not involved in the *Pier 1* case, and thus have never had the opportunity to develop Ms. Breitzke's expert testimony.  In fact, Best Buy's counsel had no involvement with the *Pier 1* case and never met any of the Pier 1 or SVS witnesses.   Moreover, assuming *arguendo* that Alexsam is correct in arguing that SVS was the real party in interest in the *Pier 1* case, SVS would not have had Moving Defendants' interests in

---

[2] *See, e.g., Bobb v. Modern Prod., Inc.*, 648 F.2d 1051, 1054-55 (5th Cir. 1981) (affirming exclusion of deposition testimony where defendant was unable to cross-examine the witness) overruled on other grounds 107 F.3d 331; *Lizotte v. Praxair, Inc.*, 640 F. Supp. 2d 1335, 1338-39 (W.D. Wash. 2009) (statements made by third party acting at behest of defendant's indemnitor were inadmissible hearsay where plaintiff failed to prove that any exception under Fed. R. Evid. 801(d)(2) was satisfied).

mind when developing Ms. Breitzke's expert testimony.  Indeed, SVS does not have any relationship whatsoever with Moving Defendants.  Admitting Ms. Breitzke's expert testimony here would thus entirely deprive Moving Defendants of the opportunity to develop Ms. Breitzke's expert testimony, resulting in incurable prejudice to Moving Defendants.

There can be no legitimate dispute that the use of Ms. Breitzke's opinions in other litigation is a complete and unfair surprise to the Moving Defendants.  Rule 26(a)(2)(A) required Alexsam to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  That rule is not limited to retained experts.  Alexsam clearly should have disclosed that it would rely upon her opinions, especially since they come from an expert in other litigation in which neither Best Buy nor its counsel were involved.

Alexsam made mention that any such prejudice could be cured with an appropriate jury instruction.  However, no jury instruction can possibly cure the prejudice that will result from the admission of Ms. Breitzke's undisclosed opinion testimony.  Indeed, the jury must find that the patents are either invalid or valid, and cannot make such a determination on a defendant-by-defendant basis due to the Court's consolidation of the Defendants into a single invalidity trial.  Accordingly, once the jury hears Ms. Breizke's undisclosed opinions, the well will be irreversibly poisoned.

However, to the extent the Court admits Ms. Breitzke's prior expert testimony on the basis that the testimony was previously given on behalf of SVS, Due Process requires that Moving Defendants should be severed from the invalidity trial so as to avoid the extreme prejudice discussed above.  This is the only remedy that would provide Moving Defendants Due

Process so that they can present their own defense, and not be hampered by indemnitors of parties to completely different lawsuits, who have no relationship with Moving Defendants.[3]

Finally, the admission of Ms. Breitzke's expert testimony would adversely impact Moving Defendants McDonald's and Home Depot's right to choose their own counsel.  If the Court imputes prior expert testimony to McDonald's and Home Depot on the basis that these Defendants are represented by attorneys who also appeared in the Pier 1 case, the implication would be that any defendant accused of infringing a patent would have to forego hiring counsel that had previously defended against the same allegations in another case for fear that testimony from the prior case on behalf of another party could be used against them.

## CONCLUSION

For the foregoing reasons, Moving Defendants request that the Court exclude Ms. Breitzke's prior expert testimony from trial.  However, to the extent that Court admits such testimony, Moving Defendants request a separate trial on invalidity.

---

[3] *See Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1571 (Fed. Cir. 1983) ("As a matter of due process, each new defendant in a patent suit is entitled to make its own defense.").

Dated:  April 25, 2013                    Respectfully submitted,

/s/ R. William Sigler
Alan M. Fisch (*pro hac vice*)
Jason F. Hoffman (*pro hac vice*)
R. William Sigler (*pro hac vice*)
Jeffrey Saltman (*pro hac vice*)
David M. Saunders (*pro hac vice*)
FISCH HOFFMAN SIGLER LLP
5335 Wisconsin Avenue NW
Suite 830
Washington, DC 20015
Telephone: (202) 362-3500
Email: alan.fisch@fischllp.com
Email: jason.hoffman@fischllp.com
Email: bill.sigler@fischllp.com
Email: jeffrey.saltman@fischllp.com
Email: david.saunders@fischllp.com

**Attorneys for Defendants Barnes & Noble, Inc., Barnes
& Noble Marketing Services Corp., The Gap, Inc.,
Direct Consumer Services, LLC, J. C. Penney
Company, Inc., J. C. Penney Corporation, Inc.,
McDonald's Corporation, P2W, Inc. NFP, Toys "R" Us
— Delaware, Inc., TRU-SVC-LLC, Home Depot,
U.S.A., Inc., and Home Depot Incentives, Inc.**

Michael C. Smith
Texas State Bar No. 18650410
SIEBMAN, REYNOLDS, BURG, PHILLIPS &
SMITH, L.L.P.
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
Email: michaelsmith@siebman.com

**Attorney for Defendants Barnes & Noble, Inc., Barnes
& Noble Marketing Services Corp., The Gap, Inc.,
Direct Consumer Services, LLC, J. C. Penney
Company, Inc., J. C. Penney Corporation, Inc.,
McDonald's Corporation, P2W, Inc. NFP, Toys "R" Us
— Delaware, Inc., and TRU-SVC-LLC.**

/s/ Emmett J. McMahon *(with permission)*
Emmett J. McMahon (*pro hac vice*)
Nicole E. Kopinski (*pro hac vice*)
John K. Harting (*pro hac vice*)
ROBINS, KAPLAN, MILLER, & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
Email: ejmcmahon@rkmc.com
Email: nekopinski@rkmc.com
Email: jkharting@rkmc.com

Robin L. McGrath (*pro hac vice*)
David S. Moreland (*pro hac vice*)
E Joseph Benz, III (*pro hac vice*)
PAUL HASTINGS LLP
1170 Peachtree Street, N.E., Suite 100
Atlanta, GA 30309
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
Email: robinmcgrath@paulhastings.com
Email: davidmoreland@paulhastings.com
Email: joebenz@paulhastings.com

Peter J. Armenio (*pro hac vice*)
Matthew D. Robson (*pro hac vice*)
Sung Hoon Kim (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: peterarmenio@quinnemanuel.com
Email: matthewrobson@quinnemanuel.com
Email: sungkim@quinnemanuel.com

Rickey L. Faulkner
Texas State Bar No. 06857095
COGHLAN CROWSON, LLP
P.O. Box 2665
Longview, TX 75606
Telephone: (903) 758-5543
Facsimile: (903) 753-6989
Email: rfaulkner@ccfww.com

***Attorneys for Defendant Best Buy Stores, L.P.***

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2013, the foregoing document was filed with the Clerk of the Court for the United States District Court, Eastern District of Texas, Marshall Division, using the electronic case filing system of the Court, in compliance with Local Rule CV-5(a) and served upon all counsel of record.

/s/ *R. William Sigler*
R. William Sigler